## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

In re:                                                                  Case No. 13-19131-RAM

E-FLORAL SOLUTIONS, INC.,                          Chapter 7

      Debtor.
_____/
JACQUELINE CALDERIN AS CHAPTER 7
TRUSTEE,

      Plaintiff,                                               Adv. Prod. No._____
-vs-

GOYA FOODS, INC.,

      Defendant.
_____/

## **COMPLAINT**

COMES NOW, Jaqueline Calderin, as Chapter 7 Trustee (hereinafter "Trustee" or "Plaintiff") in the above-styled matter, and sues the Defendant, Goya Foods Inc., (hereinafter "Defendant"), and states the following in support hereof:

1. Debtor (E-Floral Solutions, Inc.) filed a voluntary petition under Chapter 7 of Title 11 of the United States Code on the 23rd day of April, 2013.
2. Jacqueline Calderin is the permanent Chapter 7 Trustee ["Plaintiff"] of the Debtor's Bankruptcy Estate.
3. The Plaintiff sues the Defendant to recover each of the transfers identified herein.
4. The Parties hereto are *sui juris.*
5. This is a core matter pursuant to 28 U.S.C. Sec. 157(b)(2).
6. Venue is proper in this District, and this Court has jurisdiction over this matter.

7. Since March 2007, Efrain M. Ruiz ("Owner and/or CEO") was the president and controlling officer of Debtor; and was the person who controlled all operating and financial aspects of the Debtor.

8. CEO is the sole 100% owner of Debtor, and had signature authority and control of all of Debtor's bank accounts.

9. Pre-petition, on September 6th, 2012 ("Closing Date"), Debtor's intangible assets (Including: Calitia Farm Brand; www.Calita Farms.com domain name; Calita Farms logos and marketing designs; Calita Farms boxes Trade Dress; Customer List; Vendor List; Computer Software and Licenses; and Supermarket Recipes and Programs) were transferred to Cypress Software Acquisition, Inc.

10. On the Closing Date, CEO collected $500,000.00 in sale proceeds ("Sale Proceeds), and none of same went to Debtor.

11. At all times material, Debtor was insolvent. Evidence of such insolvency includes, but is not limited to, the facts that: the Debtor was not paying its debts as they generally came due at the time of each sued-upon transfer set forth herein-below; the Debtor was involved in litigation as a defendant for failure to timely pay its debts; and, the Debtor otherwise had liabilities which exceeded the true value of its assets.

12. At all times materials, CEO was intentionally diverting hundreds of thousands of dollar in income and assets of the Debtor for the benefit of the CEO and/or others who were not creditors of the Debtor at the time of each transfer sued upon herein, as a part of a scheme to avoid the creditors of the Debtor.

13. The Debtor's CEO routinely used the Debtor's corporate funds to make payments to the Defendant, all of which provided no benefit to the Debtor; and was part of a scheme to avoid creditors.

14. Debtor transferred the sum of **$121,430.36** to the Defendant for which the Plaintiff seeks to recover, plus pre- and post-judgment interest thereon.

15. All of the referenced transfers identified on Exhibit "A" were not for the benefit of the Debtor.
16. The Debtor was also being sued for non-payment of debts pre-petition in the following cases:
    a. *Mercantil Commercebank, NA vs. E-Floral Solutions, Efrain Ruiz Etc. et al.*
17. The records[1] of the Debtor do not reflect that the Debtor was ever obligated to Defendant for any form of debt.
18. Prior to filing this lawsuit the Trustee served a demand letter on the Defendant requesting evidence for the basis of the sued upon transfers herein, and said Defendant did not respond or otherwise provide sufficient documentary evidence to establish a valid basis for the sued-upon transfers.
19. Upon information and belief, there were likely other transfers the trustee could avoid and he seeks avoidance herein as well.
20. Debtor was insolvent at all times material to the transfers at issue in this Adversary Proceeding.

### **COUNT I – FRAUDULENT TRANSFERS (11 U.S.C. Sec. 548(a)(1))**

21. Paragraphs 1 through 20 (and all subparts) are herein re-averred and re-alleged.
22. The Debtor transferred the numerous sums of monies to the Defendant as identified on Exhibit "A" were made for no consideration to the Debtor.
23. The above-referenced transfers were transfers of property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred within two years before the date of the filing of the bankruptcy petition.
24. These transfers were made by the Debtor with the actual intent to hinder, delay or defraud any entity to which the Debtor was or

---

[1] Debtor did not provide records to the Trustee reflecting any basis for the transfers sued upon herein.

3

became indebted, on or after the date that such transfers were made.  For example, the Debtor was paying for personal expenses of the principal to ensure satisfaction of personal debts and ignoring Creditors of the Debtor; as well as utilizing the assets of Debtor to pay for Non-Debtor obligations for which Debtor received no consideration.

25. The Trustee is entitled to recover the monies transferred plus pre-judgment and post-judgment interest thereon.

WHEREFORE, the Trustee demands (pursuant to 11 U.S.C. Sec.'s 544, 548, 550 and 551) judgments in his favor awarding him the recovery of the transferred monies, pre- and post-judgment interest, and such other relief that this Court deems equitable and just.

### **COUNT II– FRAUDULENT TRANSFERS (11 U.S.C. Sec. 548(a)(2))**

26. Paragraphs 1 through 20 (and all subparts) are herein re-averred and re-alleged.
27. The Debtor transferred the numerous sums of monies to the Defendant as identified on Exhibit "A" were made for no consideration to the Debtor.
28. The above-referenced transfers were transfers of property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred within two years before the date of the filing of the bankruptcy petition.
29. The Debtor received less than reasonably equivalent value in exchange for the transfers above-referenced; and,
30. was insolvent on the dates of each transfer, or became insolvent as a result of such transfers;
    a) was engaged in business or a transaction, or was about to engage in business in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or,

4

      b) intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay such debts as they matured.

      c) The Trustee is entitled to recover the monies transferred plus pre-

31.     judgment and post-judgment interest thereon.

WHEREFORE, the Trustee demands (pursuant to 11 U.S.C. Sec.'s 544, 548, 550 and 551) judgments in his favor awarding him the recovery of the transferred monies, pre- and post-judgment interest, and such other relief that this Court deems equitable and just.

### COUNT III– FRAUDULENT TRANSFERS (Fla. Stat. Sec. 726.106)

32.     Paragraphs 1 through 20 (and all subparts) are herein re-averred and re-alleged.

33.     The Debtor transferred the numerous sums of monies to the Defendant as identified on the attached Exhibit "A" and said Transfers on Exhibit "A" were made for no consideration to the Debtor.

34.     The above-referenced transfers were transfers of property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred within four years before the date of the filing of the bankruptcy petition.

35.     The Debtor received less than reasonably equivalent value in exchange for such transfers; and:

      a) was insolvent on the date the transfers were made or became insolvent as a result of said transfers;

      b) was engaged in business or transaction, or was about to engage in business or transaction, for which any property remaining with the Debtor was unreasonably small capital; or,

      c) intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

5

36. At the time of each of the transfers, the Debtor had creditors whose claims arose prior to the transfers.

37. The Trustee is entitled to recover the monies transferred plus pre-judgment and post-judgment interest thereon.

WHEREFORE, the Trustee demands (pursuant to 11 U.S.C. Sec.'s 544, 548, 550 and 551; and Fla. Stat. Ch. 726) judgment in his favor awarding him the recovery of the transferred monies, pre- and post-judgment interest, and such other relief which this Court deems equitable and just.

### COUNT IV– FRAUDULENT TRANSFERS (Fla. Stat. Sec. 726.105(1)(b))

38. Paragraphs 1 through 20 (and all subparts) are herein re-averred and re-alleged.

39. The Debtor transferred the numerous sums of monies to the Defendant as identified on the attached Exhibit "A" and said Transfers on Exhibit "A" were made for no consideration to the Debtor.

40. The above-referenced transfers were transfers of property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred before the date of the filing of the bankruptcy petition.

41. Claims of creditors of the Debtor arose prior to and after the transfers being made by the Debtor to Defendant.

42. Each of the transfers was made without the Debtor having received reasonably equivalent value in exchange for the transfers, and the Debtor:

   a) was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; or

   b) intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

6

43. The Trustee is entitled to recover the monies transferred plus pre-judgment and post-judgment interest thereon.

WHEREFORE, the Trustee demands (pursuant to 11 U.S.C. Sec.'s 544, 548, 550 and 551; and Fla. Stat. Ch. 726) judgment in his favor awarding him the recovery of the transferred monies, pre- and post-judgment interest, and such other relief which this Court deems equitable and just.

### COUNT V – FRAUDULENT TRANSFERS (Fla. Stat. Sec. 726.105(1)(a))

44. Paragraphs 1 through 20 (and all subparts) are herein re-averred and re-alleged.
45. The Debtor transferred the numerous sums of monies to the Defendant as identified on the attached Exhibit "A" and said Transfers on Exhibit "A" were made for no consideration to the Debtor.
46. The above-referenced transfers were transfers of property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred before the date of the filing of the bankruptcy petition.
47. Claims of creditors of the Debtor arose prior to and after the transfers being made by the Debtor to Defendants.
48. Each of the transfers was made with the actual intent to hinder, delay or defraud any creditor of the Debtor; and could have been, and were reasonably discovered only within one year of the filing of the complaint.
49. The Trustee is entitled to recover the monies transferred plus pre-judgment and post-judgment interest thereon.

WHEREFORE, the Trustee demands (pursuant to 11 U.S.C. Sec.'s 544, 548, 550 and 551; and Fla. Stat. Ch. 726) judgment in his favor awarding him the recovery of the transferred monies, pre- and post-judgment interest, and such other relief which this Court deems equitable and just.

### COUNT VI—UNJUST ENRICHMENT

## AGAINST DEFENDANT RELATING TO THE TRANSFERS

50. Paragraphs 1 through 20 (and all subparts) are herein re-averred and re-alleged.
51. Debtor made the Transfers identified on Exhibit "A"" hereto in the total amount of **$121,430.36** Defendant.
52. Debtor conferred a benefit on Defendant by virtue of the Transfers.
53. Defendant voluntarily accepted and retained the benefit conferred, which were the Transfers.
54. The circumstances render Defendant's retention of the Transfers, which was the benefit conferred on them by Debtor, inequitable unless Defendant pays Debtor the value of the Transfers.
55. Defendant was unjustly enriched by virtue of the Transfers.

WHEREFORE, the Trustee respectfully requests the Court to enter a Judgment:

A) Granting money damages in the amount of the Transfers to Trustee, for the Benefit of Debtor's bankruptcy estate, plus pre- and post-judgment interest, and reasonable attorneys' fees and expenses, to the extent permissible by applicable law, to Trustee; and,

B) Granting such other and further relief as may be equitable and just.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

Respectfully submitted,   JAMES B. MILLER, P.A.
Trustee's Counsel
19 West Flagler Street, Suite 416
Miami, Florida 33130
Telephone: (305) 374-0200
Facsimile: (305) 374-0250
jbm@title11law.com

By: _____/s/_____
JAMES B. MILLER, ESQ.
Fla. Bar No. 0009164

8

# Exhibit "A"

# Goya Food Inc

| Check# | Amount | Date | Period of Time From Petition Date |
|---|---|---|---|
| 4685 | $ 30,357.59 | 6/8/2012 | Two (2) Years |
| 4665 | $ 30,357.59 | 5/14/2012 | Two (2) Years |
| 4628 | $ 30,357.59 | 4/11/2012 | Two (2) Years |
| 4547 | $ 30,357.59 | 2/16/2012 | Two (2) Years |

**Two Year Total:** $ 121,430.36